IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| SANDY RIVER RESOURCES, LLC, and SANDY RIVER ENERGY, LLC, on behalf of themselves and Classes of similarly situated royalty owners,<br><br>    Plaintiffs,<br><br>v.<br><br>HESS BAKKEN INVESTMENTS II, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.:<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

Plaintiffs Sandy River Resources, LLC, ("SRR") and Sandy River Energy, LLC ("SRE") (collectively, "Plaintiffs"), on behalf of themselves and Classes of similarly situated royalty owners, file their class action complaint ("Complaint") against Defendant Hess Bakken Investments II, LLC ("Hess").

## PARTIES

1. Plaintiff Sandy River Resources, LLC is a North Dakota limited liability company whose sole member, Martin S. Thompson, is a resident and citizen of the State of North Dakota.

2. Plaintiff Sandy River Energy, LLC is a North Dakota limited liability company whose sole member, Martin S. Thompson, is a resident and citizen of the State of North Dakota.

3. Defendant Hess Bakken Investments II, LLC is a limited liability company organized under the laws of the State of Delaware, and its principal place of business is located at Hess Tower, 1501 McKinney Street, Houston, Texas 77010.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this class action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because: (a) Plaintiffs have brought this case as a class action; (b) the Classes proposed by Plaintiffs exceed 100 members each; (c) each of the proposed Classes contains at least one class member who is a citizen of a state different from the states where the Defendant is deemed to be a citizen; and (d) the amount in controversy on the claim exceeds the sum of $5,000,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Hess because a substantial portion of the acts and conduct of Hess giving rise to the claims asserted in this class action occurred in the State of North Dakota.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because a substantial portion of Hess's conduct giving rise to the claims alleged in this class action occurred in this judicial district.

## CLASS DEFINITIONS

7. Plaintiffs bring this class action on behalf of themselves and the proposed subclasses of similarly situated persons, defined as:

### SUBCLASS I

> All persons and entities to whom Hess has paid royalties, including into suspense accounts, on oil produced from wells located in the State of North Dakota since June 2012, under leases and overriding royalty agreements which obligate Hess to pay oil royalties on the sales price received subject to the deduction of reasonable post-production costs.
>
> Excluded from the class are: (1) the United States; (2) any working interests in a well located in the State of North Dakota held by any person or entity who has received oil royalties from Hess; and (3) Hess and its

affiliated entities, and their respective employees, officers, and directors.

(the "Deduction Class").

## SUBCLASS II

All persons and entities to whom Hess has paid royalties, including into suspense accounts, on oil and gas produced from wells located in the State of North Dakota since June 2012, where Hess has paid a gas royalty in an amount which was negative.

Excluded from the class are: (1) the United States; (2) any working interests in a well located in the State of North Dakota held by any person or entity who has received oil royalties from Hess; and (3) Hess and its affiliated entities, and their respective employees, officers, and directors.

(the "Negative Royalty Class").

## FACTUAL ALLEGATIONS COMMON TO BOTH CLASSES

8. SRR owns the lessor's interests in the November 9, 2009, oil and gas lease by and between Martin S. Thompson, as lessor, and Hess Corporation, as lessee, recorded in McKenzie, County Document Number 396484 ("2009 Lease").

9. Hess owns the lessee's interests in the 2009 Lease.

10. SRR owns the overriding royalty interest in the May 13, 2006, assignment of overriding royalty interest by and between The Armstrong Corporation, as assignor, and Martin S. Thompson, as assignee, recorded in Dunn County, North Dakota at Book 327, Page 17 ("2006 Override").

11. Hess owns the lessee's interests in the mineral agreements covering lands subject to the 2006 Override.

12. At various times since Hess acquired its interests in the 2009 Lease and 2006 Override, Hess has produced and sold oil and gas from wells subject to the same and has paid oil and gas royalties to SRR on such oil production.

13. SRE owns the overriding royalty interest in the April 16, 2009, assignment of oil and gas leases by and between Sandy River Energy, LLC, as assignor, and Tracker Resource Exploration ND, LLC, as assignee, recorded in Dunn County, North Dakota at Document Number 3036256 ("2009 Override").

14. Hess owns the lessee's interests in the mineral agreements covering the lands subject to the 2009 Override.

15. At various times since Hess acquired its interests related to the 2009 Override, Hess has produced and sold oil and gas from wells subject to the same and has paid oil royalties to SRE on such oil and gas production.

16. Under applicable North Dakota law as applied to the 2009 Lease, the 2006 Override, and the 2009 Override, Hess is obligated to pay royalties on the gross sales price received on oil and gas sales subject to the deduction of reasonable post-production costs.

17. SRR and SRE own additional royalty interests in oil and gas leases and overriding royalty agreements in which Hess owns the lessee's interests and which obligate Hess to calculate and pay royalties to SRR and SRE in the same manner as the 2009 Lease, the 2006 override, and the 2009 Override ("Additional Interests").

**DEDUCTION CLASS FACTUAL ALLEGATIONS**

18. At various times since Hess acquired its interests in the 2009 Lease, the 2006 Override, the 2009 Override, and the Additional Interests ("Royalty Interests"), Hess, in its calculation and payment of royalties to Plaintiffs on oil sales, has deducted unreasonable amounts

for post-production costs—and other costs such as administrative costs—from Plaintiffs' oil royalties.

19. Administrative costs are not post-production costs.

20. Upon information and belief, Hess did not deduct any costs for transportation prior to January 2015.

21. In 2015, Hess Corporation, Hess's parent company, completed a 50% sale of Hess Corporation's wholly owned midstream subsidiary to Global Infrastructure Partners, creating the joint venture Hess Infrastructure Partners.

22. Since approximately January 2015, Hess has consistently deducted from Plaintiffs' oil royalties an average of approximately 16% of the gross sales price in oil transportation costs.

23. In 2021, Hess has sold a portion of its lessee's interests in Plaintiffs' Royalty Interests to Enerplus Corporation.

24. Since acquiring its lessee's interests, Enerplus Corporation has not deducted any costs for transportation, administrative fees, or post-production costs from the Plaintiffs' oil royalty interests.

25. SRR is also the owner of royalty interests in North Dakota where the lessee's interests are held by oil and gas producers other than Hess ("Competitors").

26. At various times since January 2015, the Competitors have deducted between 6% and 0% from the gross amount of SRR's oil royalties for transportation costs.

27. Hess has a consistent and uniform practice of deducting a minimum of more than 2.5 times the amount of its closest Competitor for oil transportation costs.

28. Hess's consistent and uniform practice of deducting certain amounts for transportation costs is commercially unreasonable under North Dakota law, and the royalty provisions applicable to the Royalty Interests.

29. Hess has materially breached its contractual obligations under the Royalty Interests.

30. Plaintiffs have sustained substantial damages as a result of Hess's breaches of its contractual obligations to Plaintiffs under the Royalty Interests.

31. In addition to Plaintiffs, each member of the proposed Deduction Class has an interest in a lease or overriding royalty agreement which, under North Dakota law, is subject to the same oil royalty payment obligation that is contained in the Royalty Interests, and under which Hess has owned the lessee's interests, or with respect to overriding royalty agreements, has been obligated to pay the royalties to the owner of the overriding royalty interest.

32. Hess, in its calculation and payment of royalties on oil sales to the members of the Deduction Class, has engaged in the same method of royalty accounting which it utilizes to pay royalties to Plaintiffs on oil sales, in that Hess has taken commercially unreasonable post-production deductions and non-post-production cost deductions from the sales price of the oil.

33. Hess, in deducting commercially unreasonable costs in its calculation and payment of royalties paid to the Deduction Class members on oil sales, has materially breached its contractual obligations to the Deduction Class members under the leases and overriding royalty agreements which obligate Hess to pay oil royalties on the gross sales price received subject to the deduction of reasonable post-production costs.

34. As a direct result of Hess's breach of its contractual obligations to the members of the Deduction Class, the royalties owed to the Deduction Class members have been substantially underpaid, and the Deduction Class members have sustained substantial damages.

35. N.D.C.C. § 47-16-39.1 requires Hess to pay royalties to mineral owners and royalty owners within 150 days of marketing the oil production subject to their oil interests.

36. Under N.D.C.C. § 47-16-39.1, a failure to pay royalties within 150 days requires Hess to pay Plaintiffs and the Deduction Class members 18% interest when the payment is ultimately made.

37. Hess has failed to pay Plaintiffs and the Deduction Class members within 150 days of the marketing of oil production subject to their oil interests.

38. Hess's failure to pay consistent with N.D.C.C. § 47-16-39.1 has substantially harmed Plaintiffs and the Deduction Class members.

## DEDUCTION CLASS CLASS ACTION ALLEGATIONS

39. The proposed Deduction Class, which consists of more than one thousand persons, is so numerous that joinder of all Deduction Class members in this litigation is impractical.

40. There are questions of law or fact common to the claims of the Deduction Class members against Hess, including, but not limited to: (1) whether Hess's deduction of post-production costs is commercially unreasonable; (2) whether Hess's deduction of administrative fees is a post-production cost; and (3) the proper, commercially reasonable, method for calculating the royalty underpayments resulting from Hess's commercially unreasonable deduction of transportation costs from the gross sales price of the oil.

41. The claims of the Plaintiffs against Hess are typical of the claims of the Deduction Class members against Hess.

42. Plaintiffs have retained counsel who are competent and experienced in class action litigation, and who will fairly and adequately protect the interests of the Deduction Class.

43. Plaintiffs will fairly and adequately protect the interests of the Deduction Class members regarding their claims against Hess.

44. The questions of law or fact common to the members of the Deduction Class predominate over any questions affecting only individual members of the Deduction Class.

45. A class action is superior to other available methods for fairly adjudicating this controversy.

## NEGATIVE ROYALTY CLASS FACTUAL ALLEGATIONS

46. A royalty interest is an interest in a mineral estate which is a share of the product or proceeds reserved to the owner for permitting another to develop or use the property.

47. The Plaintiffs' royalty instruments require the oil royalty to be paid in-kind while the gas royalty requires payment in-cash.

48. The in-kind oil interest is separate and distinct from the in-cash gas interest.

49. Under the Plaintiffs' royalty instruments and North Dakota law, neither negative in-kind oil nor negative gas proceeds are permitted.

50. Under the Plaintiffs' royalty instruments and North Dakota law, subjecting either the oil royalty or the gas royalty to reduction based upon the other being rendered negative is not permitted.

51. Hess, in its calculation and payment of gas royalties to the Plaintiffs, has, from time to time, subjected the gas royalty to a variety of costs and post-production costs which result in a total negative gas value.

52. Hess has applied this negative gas value against the Plaintiffs' oil royalties, thereby reducing the Plaintiffs' oil royalties.

53. For an example, on the Crying Tree 8-1H well for the check month of January 2021, Hess paid SRE a total gas royalty of $(9.71), a total plant products royalty of $(46.30), and a total oil royalty of $272.03, for a total property royalty of $216.02.

54. Hess, at the February 9, 2021, hearing before the North Dakota Finance and Taxation Committee, publicly disclaimed this practice stating that:

   a. "Sometimes the costs of processing and transporting the gas exceed the value of the gas. But in those situations, under the Hess cost of service model, Hess does not take royalty owners negative on the combined gas stream." (Barry Biggs, Vice President of Hess Corporation); and

   b. writing in its "Post-Production Deductions Under Oil and Gas Leases" presentation that "Hess practice [sic] is that royalty owners do not go negative on the combined gas stream, thus preserving the full oil revenue."

55. Hess has materially breached its contractual obligations under the Royalty Interests by reducing the Plaintiffs' oil royalties through the application of a negative gas royalty.

56. Plaintiffs have sustained substantial damages as a result of Hess's breaches of its contractual obligations to Plaintiffs under the Royalty Interests.

57. In addition to Plaintiffs, each member of the proposed Negative Royalty Class has an interest in a lease or overriding royalty agreement which, under North Dakota law, is subject to the same in-kind and in-cash requirements that are contained in the Royalty Interests, and under which Hess is obligated to not pay a negative royalty nor charge a negative gas royalty against a positive oil royalty.

58. Hess, in its calculation and payment of royalties on oil and gas to the members of the Negative Royalty Class, has engaged in the same method of royalty accounting which it utilizes

to pay royalties to Plaintiffs on oil and gas sales, in that Hess has consistently paid a negative gas royalty and charged that negative gas royalty against positive oil royalties.

59. Hess, in consistently paying a negative gas royalty and in charging that negative gas royalty against positive oil royalties, has materially breached its contractual obligations to the Negative Royalty Class members under the leases and overriding royalty agreements which obligate Hess to only pay royalties on positive amounts and to pay oil and gas royalties separately.

60. As a direct result of Hess's breach of its contractual obligations to the members of the Negative Royalty Class, the royalties owed to the member of the Negative Royalty Class have been substantially underpaid, and the Negative Royalty Class members have sustained substantial damages.

61. N.D.C.C. § 47-16-39.1 requires Hess to pay royalties to mineral owners and royalty owners within 150 days of marketing the oil production subject to their oil interests.

62. Under N.D.C.C. § 47-16-39.1, a failure to pay royalties within 150 days requires Hess to pay Plaintiffs and the Negative Royalty Class members 18% interest when the payment is ultimately made.

63. Hess has failed to pay Plaintiffs and the Negative Royalty Class members within 150 days of the marketing of oil production subject to their oil interests.

64. Hess's failure to pay consistent with N.D.C.C. § 47-16-39.1 has substantially harmed Plaintiffs and the Negative Royalty Class members.

### NEGATIVE ROYALTY CLASS CLASS ACTION ALLEGATIONS

65. The proposed Negative Royalty Class, which consists of more than one thousand persons, is so numerous that joinder of all Negative Royalty Class members in this litigation is impractical.

66. There are questions of law or fact common to the claims of the Negative Royalty Class members against Hess, including, but not limited to: (1) whether Hess may pay a negative gas royalty; (2) whether Hess may reduce an oil royalty based upon a negative gas royalty; and (3) the proper, commercially reasonable, method for calculating the royalty underpayments resulting from Hess's reduction of oil royalties pursuant to the application of negative gas royalties.

67. The claims of the Plaintiffs against Hess are typical of the claims of the Negative Royalty Class members against Hess.

68. Plaintiffs have retained counsel who are competent and experienced in class action litigation, and who will fairly and adequately protect the interests of the Negative Royalty Class.

69. Plaintiffs will fairly and adequately protect the interests of the Negative Royalty Class members regarding their claims against Hess.

70. The questions of law or fact common to the members of the Negative Royalty Class predominate over any questions affecting only individual members of the Negative Royalty Class.

71. A class action is superior to other available methods for fairly adjudicating this controversy.

### FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT
**(On Behalf of Plaintiffs and the Deduction Class)**

72. Plaintiffs restate and allege the foregoing allegations as if stated fully herein.

73. Hess has breached its obligations to Plaintiffs and the Deduction Class members under the leases and overriding royalty agreements at issue in the manner described above.

74. Plaintiffs and the Deduction Class members have sustained substantial damages as a direct result of Hess's breach of its royalty payment obligations to Plaintiffs and the Deduction Class under the leases and overriding royalty agreements at issue.

75. Pursuant to N.D.C.C. § 47-16-39.1, Plaintiffs and the Deduction Class members are entitled to the 18% interest for all oil royalty payments made more than 150 days after oil was produced and marketed from the Plaintiffs' and the Deduction Class member's leases.

76. Plaintiffs and the Deduction Class are entitled to recover prejudgment interest on the full amount of the unpaid interest for each well, at a rate of 18% per annum, calculated from the date each interest was first due, through the date of judgment.

### SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT
(On Behalf of Plaintiffs and the Negative Royalty Class)

77. Plaintiffs restate and allege the foregoing allegations as if stated fully herein.

78. Hess has breached its obligations to Plaintiffs and the Negative Royalty Class members under the leases and overriding royalty agreements at issue in the manner described above.

79. Plaintiffs and the Negative Royalty Class members have sustained substantial damages as a direct result of Hess's breach of its royalty payment obligations to Plaintiffs and the Negative Royalty Class under the leases and overriding royalty agreements at issue.

80. Pursuant to N.D.C.C. § 47-16-39.1, Plaintiffs and the Negative Royalty Class members are entitled to the 18% interest for all oil royalty payments made more than 150 days after oil was produced and marketed from the Plaintiffs' and the Negative Royalty Class member's leases.

81. Plaintiffs and the Negative Royalty Class are entitled to recover prejudgment interest on the full amount of the unpaid interest for each well, at a rate of 18% per annum, calculated from the date each interest was first due, through the date of judgment.

### PRAYER FOR RELIEF

Plaintiffs pray for the following relief:

  A. An Order finding that the claims asserted by Plaintiffs on behalf of the Deduction Class and the Negative Royalty Class should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), that Plaintiffs be appointed as Class Representatives for the certified Deduction Class and the Negative Royalty Class, and that Plaintiffs' attorneys be appointed as Class Counsel for the certified Deduction Class and the Negative Royalty Class;

  B. A judgment in favor of Plaintiffs and the Deduction Class and the Negative Royalty Class members on their claims for Hess's breach of contract for the full amount of royalty underpayments, plus applicable prejudgment interest;

  C. An award of court costs; and

  D. For such other and further relief as the Court deems just and proper.

Dated: June 27, 2022        Respectfully submitted,

               */s/ Taylor P. Foye*
               Taylor P. Foye  MO Bar No. 71527
               HORN AYLWARD & BANDY, LLC
               2600 Grand Boulevard, Suite 1100
               Kansas City, MO 64108
               Telephone: (816) 421-0700
               Facsimile: (816) 421-0899
               tfoye@hab-law.com

               **Attorney for Plaintiff**