IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Sandy River Resources, LLC, and<br>Sandy River Energy, LLC,<br>on behalf of themselves and classes of<br>similarly situated royalty owners,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>Hess Bakken Investments II, LLC,<br><br>　　　　　　　　　Defendant. | **ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 1:22-cv-108 |

Before the Court is the Defendant's Rule 12(b)(6) motion to dismiss filed on September 6, 2022. See Doc. No.11. The Plaintiffs filed a response in opposition to the motion on September 27, 2022. See Doc. No. 13. The Defendant filed a reply on October 11, 2022. See Doc. No. 14. For the reasons set forth below, the motion is granted in part and denied in part.

**I.　　BACKGROUND**

The Plaintiffs, Sandy River Resources, LLC and Sandy River Energy, LLC (collectively "Sandy River"), are North Dakota limited liability companies whose sole member, Martin S. Thompson, is a resident of North Dakota. The Defendant, Hess Bakken Investments II, LLC, ("Hess"), is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Texas.

Sandy River owns interests in oil and gas produced from wells Hess operates in North Dakota. The action is brought on behalf of the Plaintiffs and two proposed subclasses of similarly

1

situated persons, the Deduction Class and the Negative Royalty Class. The interests owned by Sandy River and the putative class members include both oil and gas lease royalties and overriding royalty interests. As lessee, Hess has the right to explore for and produce oil and gas from the wells. After producing and selling the oil and gas, Hess pays royalties to the royalty owners.

Sandy River asserts two causes of action for breach of contract on behalf of themselves and the putative classes which consists of both lease royalty owners and overriding royalty owners. In its Deduction claim, Sandy River contends Hess deducted unreasonable amounts for post-production costs, transportation costs, and administrative costs from the oil royalties paid to the Plaintiffs. In its Negative Royalty claim, Sandy River contends Hess assesses against the gas royalty a number of costs and post-production costs which result in a negative gas royalty which it applies against the oil royalty in violation of North Dakota law.

In lieu of an answer, Hess has filed a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Sandy River maintains its complaint is sufficient to give Hess fair notice of the claims and the grounds upon which they rest.

**II.    STANDARD OF REVIEW**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotes omitted). A plaintiff must show that success on the merits is more than a "sheer

possibility." Id.  A complaint does not need to contain detailed factual allegations, but it must contain more than labels and conclusions.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The court must accept all factual allegations of the complaint as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678.  A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.  The determination of whether a complaint states a claim upon which relief can be granted is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling him to relief.  Ulrich v. Pope Cty., 715 F.3d 1054, 1058 (8th Cir. 2013).

### III.   LEGAL DISCUSSION

In its motion, Hess makes four contentions.  The first two contentions are that the complaint lacks sufficient detail and is based upon conclusory assertions that fail to give Hess fair notice of the grounds upon which the claims are based and are insufficient to survive Rule 12(b)(6).  Sandy River contends that the allegations in the complaint relative to the Deduction claim are sufficient because it has alleged Hess' 16% deduction is unreasonably high and far in excess of the 0%-6% other operators charge.  As for the negative Royalty claim, Sandy River points out that it has included an example of the negative royalties charged by Hess and need not provide specificity as to every instance Hess has applied a negative royalty charge during the relevant time period.

The Court has carefully reviewed the complaint and concludes it satisfies Rule 8(a)(2), *Twombly*, and *Iqbal*.  The complaint is thirteen pages long and provides adequate detail to put Hess on notice of what Sandy River alleges.  It is clear to the Court what Sandy River has alleged; the

deductions are too high and negative royalties are impermissible. The claims are certainly not implausible. Fair notice has been given. Discovery will flesh out the details. The level of specificity Hess demands is not required by notice pleading.

In its third contention, Hess argues Sandy River cannot collect the statutory 18% interest on overriding royalty interests because the statute only permits "mineral owners or the mineral owner's assignee" to collect the 18% interest penalty on unpaid royalties. See N.D.C.C. § 47-36-39.1; SunBehm Gas, Inc. v. Equinor Energy, LP, No. 1:19-CV-94, 2020 WL 2025355, at *5 (D.N.D. Apr. 27, 2020) (finding N.D.C.C. § 47-16-39.1 does not apply to holders of overriding royalty interests). Sandy River is unwilling to concede the point but cites no case law directly on point to support its reading of Section 47-36-39.1 and its contention that SunBehm was incorrectly decided.

The Court finds SunBehm persuasive. The plain language of the statute provides the penalty is only due to the mineral owner or the assignee. When an oil and gas lease is executed the mineral owner conveys a working interest to the operator and retains the owner's royalty interest. Id. at *3. A working interest gives the operator the right to develop the minerals. Id. An overriding royalty interest is carved out of the working interest created by an oil and gas lease and gives its owner a right to a share of production. Id. An overriding royalty interest is not an ownership interest in the minerals themselves. Slawson Expl. Co., Inc. v. Nine Point Energy, LLC, 966 F.3d 775, 780 (8th Cir. 2020). As such, Sandy River has failed to plead a valid claim for relief under Section 47-16-39.1 and an entitlement to the 18% late payment penalty with respect to overriding royalty interests.

Hess' fourth contention is that Section 47-36-39.1 does not permit the award of compound interest as requested by Sandy River. In the complaint, Sandy River asserts the Plaintiffs "are entitled to recover pre-judgment interest on the full amount of the unpaid interest for each well, at a rate of 18% per annum." See Doc. No. 1, ¶¶ 76 and 81. Sandy River responds that statute is

ambiguous and the Court need not decide the issue at this stage of the case. While Sandy River is arguably correct that the issue need not be addressed at this stage of the case, the Court sees nothing in Section 47-36-39.1 that would permit the award of compound interest. The North Dakota Supreme Court has also determined that Section 47-16-39.1 "does not provide for compound interest." Van Sickle v. Hallmark & Assocs., Inc., 840 N.W.2d 92, 108 (N.D. 2013). The Court concludes compound interest is not available under Section 47-16-39.1.

### IV.   CONCLUSION

Accordingly and for the reasons set forth above, the Defendant's motion to dismiss (Doc. No. 11) is **GRANTED in part and DENIED in part** as explained herein.

**IT IS SO ORDERED.**

Dated this 7th day of February, 2023.

>  /s/  Daniel L. Hovland
>  Daniel L. Hovland, District Judge
>  United States District Court